Antoinette Marie Tease (MT SBN 4330)
Email: *toni@teaselaw.com*
ANTOINETTE M. TEASE, P.L.L.C.
P.O. Box 51016
Billings, MT 59105
Phone: (406) 591-3689
*Admitted Pro Hac Vice – Lead Counsel to be Noticed*

Ned M. Gelhaar (SBN 163185)
Email:  *ngelhaar@enensteinlaw.com*
ENENSTEIN PHAM & GLASS
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 990-9057

Teri T. Pham (SBN 193383)
Email: *tpham@enensteinlaw.com*
ENENSTEIN PHAM & GLASS
12121 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025
Phone: (310) 899-2070
Fax: (310) 496-1930

Attorneys for Plaintiff
D3 LED, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D3 LED, LLC, | Case No.: 2:18-cv-02690 |
| Plaintiff, | Judge: Hon. George H. Wu |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| REVOLUTION DISPLAY, LLC; FULL THROTTLE FILMS, LLC; VIDEO EQUIPMENT RENTALS, LLC; VER TECHNOLOGIES LLC; VER TECHNOLOGIES HOLDCO LLC; and DOES 1 through 10, inclusive, | Date:      November 26, 2018<br>Time:      8:30 a.m.<br>Location:  Courtroom 9D, 9th Floor<br>350 West 1st Street,<br>Los Angeles, CA 90012 |
| Defendants. | |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................1

II.  STATEMENT OF FACTS .................................................2

III. ARGUMENT ................................................................6

  A. The purpose of the present Motion is not to decide
     the merits of Plaintiff's claims, but rather to determinate
     whether there is a reasonable expectation that discovery
     will reveal evidence to support the plaintiff's allegations.....................6

  B. VER's Motion to Dismiss is primarily dependent on
     extrinsic evidence not properly considered by the Court
     in connection with a motion to dismiss......................................7

  C. Discovery is particularly appropriate where the evidence of
     infringement is solely within the control of Defendants.........................9

  D. The Court should not have to engage in claim construction
     at this time............................................................10

IV.  CONCLUSION..............................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ......................................................................6

*Barron v. Reich*
    13 F.3d 1370 (9th Cir. 1994) .......................................................8

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ......................................................................6

*Elen IP LLC v. ArvinMeritor, Inc.*
    Case No. C11-140-RSM2011, U.S. Dist. LEXIS 92563 at *8
    (W.D. Wash. Aug. 18, 2011) ........................................................8

*Gibson v. City of Chi.*
    910 F.2d 1510 (7th Cir. 1990) ......................................................7

*McAfee Enters. v. Yamaha Corp. of Am.*
    2016 U.S. Dist. LEXIS 173699 at *6
    (C.D. Cal. June 24, 2016) ...........................................................11

*Nalco Co. v. Chem-Mod, LLC*
    883 F.3d 1337 (Fed. Cir. 2018) ...............................................7, 10

*Neitzke v. Williams*
    490 U. S. 319 (1989) .....................................................................7

*Parrino v. FHP, Inc.*
    146 F.3d 699 (9th Cir.1998) .........................................................8

*Prowire LLC v. Apple, Inc.*
    2017 U.S. Dist. LEXIS 126640 at *13 (D. Del. Aug. 9, 2017) ...............9, 10

*Scripps Research Inst. v. Illumina, Inc.*
    No. 16-CV-661 JLS (BGS), 2017 U.S. Dist. LEXIS 57740, at *10
    (S.D. Cal. Apr. 14, 2017) ......................................................11, 12

*Trs. of Columbia Univ. in City of N.Y. v. Symantec Corp.*
    811 F.3d 1359 (Fed. Cir. 2016) .................................................11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*U.S. v. Ritchie*
    342 F.3d 903 (9th Cir. 2003)........................................................................8

*UNILOC USA, Inc. v. Apple Inc., No.*
    C 18-00359 WHA, 2018 U.S. Dist. LEXIS 75225 at *12
    (N.D. Cal. May 2, 2018)........................................................................11

*Van Buskirk v. CNN*
    284 F.3d 977 (9th Cir. 2002) ...............................................................8


**Statutes**                                                          **Page(s)**

Fed R. Civ. P. 12(d) .........................................................................8

Fed. R. Civ. P 56(d) ........................................................................1

Fed. R. Civ. P. 12(b)(6) .........................................................1,6,7,8,11

TABLE OF CONTENTS AND AUTHORITIES

## I. **INTRODUCTION**

After stonewalling Plaintiff D3 LED, LLC ("Plaintiff" or "D3 LED") with respect to discovery for over a year, Defendants Revolution Display, LLC, Full Throttle Films, LLC, Video Equipment Rentals, LLC, VER Technologies LLC, and VER Technologies Holdco LLC (collectively, "Defendants" or "VER") now move to dismiss the highly detailed First Amended Complaint filed and served in this action on August 22, 2018 ("First Amended Complaint") that includes (a) factual allegations that VER had a D3 LED module in its possession for the express purpose of reverse engineering it for a mutual customer, (b) photos of the infringing device, and (c) detailed allegations of infringement of at least one patent claim, as required by *Twombly*. VER's Motion to Dismiss First Amended Complaint relies primarily on the Declaration of Ritchie Argue ("Argue Dec."), which was provided to D3 LED fourteen months after D3 LED sent a cease and desist letter to VER, five months after commencement of this lawsuit, and two weeks after the First Amended Complaint was filed. A Rule 12(b)(6) motion to dismiss is to be decided on the basis of the factual and legal allegations set forth in the Complaint and not on extraneous evidence produced *after* the very pleading that is at issue. If VER wishes to convert its present motion to a motion for summary judgment, then D3 LED will request additional discovery pursuant to Rule 56(d), Fed. R. Civ. P. [1]

Even if this Court were to entertain the present motion on the basis of the Argue Dec. alone, that Declaration would not be dispositive of the substantive issues raised in this case. D3 LED should have an opportunity not only to question Mr. Argue but also to seek documentary evidence (including third party discovery) and additional deposition testimony of other witnesses, all of which may or may not

---

[1] The Declaration of Bryan Robertus ("Robertus Dec.") submitted herewith sets forth some of the questions raised by the Argue Declaration and some of the issues that D3 LED would like to pursue through the discovery process in this case.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1 | support Mr. Argue's testimony.  If successful, VER's unilateral attempts to limit the
2 | timing and scope of discovery would seriously prejudice D3 LED.[2]

3 |       Most importantly, VER's attempt to prevent D3 LED from pursuing full
4 | discovery in this case is a clear breach of the agreement VER entered into with D3
5 | LED during the course of the bankruptcy proceeding.  In the latter case, D3 LED
6 | agreed to withdraw its motion for expedited discovery in exchange for VER's
7 | promise that D3 LED would have an opportunity to pursue "full discovery" in the
8 | California litigation.  To dismiss D3 LED's First Amended Complaint at this
9 | juncture would be a violation of VER's agreement with D3 LED and contrary to the
10 | Federal Rules of Civil Procedure.

11 | ## II.  <u>STATEMENT OF FACTS</u>

12 |       On July 12, 2017, D3 LED sent a cease and desist letter to Video Equipment
13 | Rentals LLC[3] in which D3 LED stated its belief that VER's M8 Distribution
14 | Platform, which was touted by VER as having an "auto-mapping" capability,
15 | infringed U.S. Patent No. 7948450.[4]  D3 LED enclosed a copy of the M8 Platform
16 | online brochure and requested VER's written response to the infringement
17 | allegations.  On July 19, 2017, outside counsel for VER sent counsel for D3 LED a
18 | letter in which counsel asserted that VER did not infringe the '450 patent but did not
19 | produce any documentary evidence to support this assertion.[5]  D3 LED spent the
20 | next several months attempting to gather further intelligence about VER's M8
21 | platform.  On March 1, 2018, D3 LED's outside counsel sent a letter to VER

---

[2] VER's counsel offered on September 6, 2018 to make Mr. Argue available for deposition in Los Angeles on September 14 or 17.  D3 LED rejected this offer because D3 LED would prefer to have VER's written discovery responses before taking any depositions and also because the undersigned counsel was not able to fly to California, let alone prepare adequately for the deposition, on such short notice.  In addition, VER's counsel attempted to limit the scope of questions that D3 LED's counsel would be permitted to ask during the deposition, none of which was acceptable to D3 LED.  *See* Declaration of Antoinette Tease (the "Tease Dec.") submitted herewith ¶ 3. A copy of the September 6, 2018 email is attached as Exhibit 1 to the Tease Dec.

[3] All five of the defendants are referred to herein collectively as "VER" or "Defendants."

[4] A copy of the July 12, 2017 letter is attached as Exhibit 2 to the Tease Dec.

[5] A copy of the July 19, 2017 letter is attached as Exhibit 3 to the Tease Dec. This letter was sent by email only, and the undersigned counsel did not find it in her spam folder until March 14, 2018.  No hard copy of the letter was ever received.

2

requesting that VER enter into a confidentiality agreement and provide D3 LED with technical data concerning the M8 Distribution Platform and/or access to an installation so that D3 LED could test it to determine the bandwidth range at which it operates.[6]  On March 14, 2018, VER's counsel responded, stating that there was no need for a confidentiality agreement because VER's counsel had already represented in the July 19 letter that the M8 Platform did not infringe.

On March 22, 2018, D3 LED's outside counsel sent a letter to VER's counsel enclosing a draft Complaint and reiterating D3 LED's request for technical documentation or access to the M8 Platform.[7]  No response was ever received, and D3 LED filed suit on April 3, 2018.  Just two days later, VER filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Delaware.[8]  On the same day, VER announced its merger with Production Resource Group LLC.[9]  The present case was automatically stayed pursuant to Section 362 of the Bankruptcy Act, and D3 LED filed a motion for relief from the bankruptcy stay on May 15, 2018.  On May 9, 2018, D3 LED's bankruptcy counsel sent a letter to VER's bankruptcy counsel requesting informal discovery.[10]  Not having received a response, D3 LED served VER with limited discovery requests on May 17, 2018. By this time, D3 LED had discovered references to the "Revolution RS1" panels based on a VER installation at a customer location in Dubai, and D3 LED had reason to believe these panels—which were apparently part of the "M8 Platform"—infringed the '450 patent.

By May 25, 2018, after numerous conversations with VER's counsel in which D3 LED's counsel emphasized the need for meaningful discovery, D3 LED still had not received any technical information—indeed, any information at all—from VER. Accordingly, D3 LED formally served VER with a First Amended Set of

---

[6] A copy of the March 1, 2018 letter is attached as Exhibit 4 to the Tease Dec.
[7] A copy of the March 22, 2018 letter is attached as Exhibit 5 to the Tease Dec.
[8] Bankruptcy Petition No. 18-10834-KG.
[9] *See* Tease Dec. ¶ 8. A copy of the press release is attached as Exhibit 6 to the Tease Dec.
[10] A copy of the May 9, 2018 letter is attached as Exhibit 7 to the Tease Dec.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1  Interrogatories and Requests for Production.[11]  Six days later, concerned that VER
2  might not serve D3 LED with its discovery responses prior to the conclusion of the
3  bankruptcy proceeding, which was on an extremely expedited timeline, D3 LED
4  filed a Motion to Schedule an Expedited Discovery Conference.  The bankruptcy
5  court held an omnibus hearing on June 4, 2018, and D3 LED's motion to lift the stay
6  was denied on June 8, 2018.  At this time, in addition to the motion for an expedited
7  discovery conference, D3 LED also had a pending Motion for an Order Estimating
8  Administrative Expense Claim for Distribution and/or Reserve Purposes.[12]

9       After the court's denial of D3 LED's motion to lift the stay, VER's counsel
10  initiated discussions with D3 LED's counsel with regard to a stipulation that would
11  avoid the need to engage in discovery or try the merits of the patent infringement
12  claim in the context of the bankruptcy proceeding.  The parties were ultimately able
13  to come to an agreement, and a stipulation was filed with the bankruptcy court on
14  June 27, 2018.[13]  On the same date, the bankruptcy court issued an Order Approving
15  Stipulation and Agreement Resolving D3 LED LLC's Motion for an Order
16  Estimating Administrative Expense Claim for Distribution and/or Reserve Purposes
17  and Motion to Schedule an Expedited Discovery Conference.[14]  Pursuant to the
18  stipulation, the parties agreed to set aside a $75,000 reserve for allegedly infringing
19  acts occurring after the filing of the bankruptcy petition but prior to the Effective
20  Date of the Plan of Reorganization (which amounted to a period of about four
21  months), and D3 LED agreed to postpone the pursuit of discovery until the
22  California litigation.  On this point, the stipulation provides:

23       As of the effective date of any Plan confirmed in these cases, the
24       automatic stay/discharge injunction is lifted automatically with respect
25       to the Patent Litigation, and as of the effective date of the Plan the

26

27  ---
   [11] A copy of the Interrogatories and Requests for Production is attached as Exhibit 8 to the Tease Dec.
   [12] This motion was filed on May 16, 2018.
28  [13] A copy of this stipulation is attached as Exhibit 9 to the Tease Dec.
   [14] A copy of this order is attached as Exhibit 10 to the Tease Dec.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

Parties will be permitted to continue to litigate it to final judgment,

including, but not limited to, the pursuit of *full discovery* with respect

to both liability and damages.

(Emphasis added.)  Thus, D3 LED gave up its right to pursue discovery in the context of the bankruptcy proceeding based on VER's promise that it would have an opportunity to pursue "full discovery" in the present case.  VER's current attempt to curtail that discovery—indeed, to block any discovery at all—is disingenuous at best and a clear violation of this agreement.  VER cannot require D3 LED to relinquish its right to pursue discovery in one forum only to attempt to block discovery altogether in another forum.

On August 16, 2018, VER finally produced to D3 LED a twelve-page technical document.  This document sets forth the technical specifications for the Vishay® serial infrared transceiver, which VER's counsel represented was the transceiver VER had been using to provide the auto-mapping functionality that is the subject of this lawsuit.  This particular transceiver is capable of operating within the patented bandwidth range.[15]  For this reason, it did not *disprove* infringement, as VER claimed.  At the same time, VER offered to make available to D3 LED a *single tile* (or module), but as D3 LED pointed out, the subject patent is about *how modules communicate with each other*;[16] therefore, to produce a single tile without the opportunity to observe how one tile communicates with another tile would be meaningless.[17]  The Argue Dec. was not produced to D3 LED until September 7, 2018.  Simultaneously with that production, VER demanded that D3 LED depose Mr. Argue immediately (literally within days of the production) and that D3 LED

---

[15] *See* Robertus Dec. ¶ 6.

[16] The title of the '450 patent is "Apparatus and method for allowing display modules to communicate information about themselves to other display modules in thexhie same display panel."

[17] *See* Tease Dec. ¶ 13. A copy of the August 16, 2018 email exchange between counsel on this issue is attached as Exhibit 11 to the Tease Dec.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1  not stray during the deposition from the issues presented by VER in the Argue

2  Dec.[18]

3          The above chronology is pertinent to the present motion because it illustrates

4  the lengths to which VER has gone over these past several months to prevent D3

5  LED from obtaining any meaningful discovery at all.  Such conduct serves to

6  heighten, not alleviate, D3 LED's infringement concerns.  D3 LED served VER with

7  its Initial Disclosures on September 4, 2018.  To date, VER has taken the position

8  that the Court's August 27, 2018 order setting the briefing schedule relieved VER of

9  its obligation to serve its Initial Disclosures (apparently indefinitely) when in fact the

10  scheduling order states no such thing.[19]  D3 LED served VER with its first set of

11  discovery requests in this case on October 7, 2017.  The present motion is one more

12  example of VER's focus on obstruction rather than the exchange of meaningful

13  discovery, which is a necessary precursor to any resolution of this case.

14  **III.    ARGUMENT**

15          **A.    The purpose of the present Motion is not to decide the merits of**

16                  **Plaintiff's claims, but rather to determinate whether there is a**

17                  **reasonable expectation that discovery will reveal evidence to**

18                  **support the plaintiff's allegations.**

19          Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure

20  to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To

21  survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain

22  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

23  on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d

24  868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955,

25  167 L. Ed. 2d 929 (2007)).  To meet this requirement, the plaintiff must plead

26  "factual content that allows the court to draw the reasonable inference that the

27

28  [18] *See* Tease Dec. ¶ 14. A copy of the September 7, 2018 email is attached as Exhibit 12 to the Tease Dec.
[19] *See* Tease Dec. ¶ 15. A copy of the email on this issue is attached as Exhibit 13 to the Tease Dec.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1  defendant is liable for the misconduct alleged." *Id.* (*quoting Twombly*, 550 U.S. at
2  556-57).  When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts
3  all well-pleaded factual allegations as true and construes all reasonable inferences in
4  favor of the plaintiff.  *Id.*

5      The plausibility standard, however, "does not impose a probability
6  requirement at the pleading stage; it simply calls for enough fact to raise a
7  reasonable expectation that discovery will reveal evidence" to support the plaintiff's
8  allegations.  *Twombly*, 550 U.S. at 556.  "The 'purpose of a motion to dismiss is to
9  test the sufficiency of the complaint, not to decide the merits.'" *Nalco Co. v. Chem-
10 Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (*quoting Gibson v. City of Chi.*,
11 910 F.2d 1510, 1520 (7th Cir. 1990)).  In fact, a motion to dismiss may be denied
12 even if the Court is not convinced that the plaintiff will ultimately prevail.  *Twombly*,
13 500 U.S. at 556.  A ruling on a Rule 12(b)(6) motion to dismiss should not be based
14 on a judge's belief or disbelief of the factual allegations set forth in the complaint.
15 *Id.* (citing *Neitzke* v. *Williams*, <u>490 U. S. 319</u>, 327 (1989)).

16     As is apparent from the above recitation of facts, very little discovery has
17 taken place to date, and what little discovery has occurred has been unilaterally
18 dictated by VER.  D3 LED has not been permitted a chance to conduct any
19 discovery of its own (despite VER's promises otherwise as a result of the agreement
20 struck during the bankruptcy proceeding), VER has not responded to D3 LED's
21 discovery requests or served its Initial Disclosures to date, and D3 LED has alleged
22 sufficient facts that, if true, support a reasonable expectation that discovery will lead
23 to further evidence to support D3 LED's allegations.

24     **B.**    **<u>VER's Motion to Dismiss is primarily dependent on extrinsic</u>**
25           **<u>evidence not properly considered by the Court in connection with a</u>**
26           **<u>motion to dismiss.</u>**

27     A court may not consider evidence outside the pleadings when assessing the
28 sufficiency of a complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

7

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

*See U.S. v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003) (*citing Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir.1998)).  If the Court does consider such evidence, the motion must be converted into a motion for summary judgment, and the other party must be given an opportunity to respond.  *Id.*; *see* Fed R. Civ. P. 12(d).  An exception exists for matters of judicial notice and documents attached to or incorporated by reference into the complaint under Federal Rule of Evidence 201. *Id.* (*citing Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).  A document is incorporated by reference in the pleadings if "the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Ritchie*, 342 F.3d at 908.

It would be improper to consider Defendants' product technical documentation and information provided in the Declaration of Ritchie Argue without converting Defendants' motion to dismiss into a motion for summary judgment and giving D3 LED an opportunity to respond.  *See Elen IP LLC v. ArvinMeritor, Inc.*, Case No. C11-140-RSM2011, U.S. Dist. LEXIS 92563 at *8 (W.D. Wash. Aug. 18, 2011) (dismissing motion to dismiss under Rule 12(b)(6) and concluding "that it would be improper to consider [Defendant's product technical documentation] without converting Defendant's Motion to Dismiss into a motion for summary judgment and giving [the Plaintiff] an opportunity to respond.").

VER has filed a total of 450 pages of documentation in support of its motion to dismiss, 350 pages of which are devoted to the Argue Dec. and exhibits.  It is apparent from the sheer volume of documentation filed that this is *not* a motion to dismiss.[20]  Rather, VER is attempting to persuade the Court to dismiss this case on the basis of a single substantive affidavit, provided to D3 LED just over a month ago without any written discovery or any opportunity to depose Mr. Argue (other than on an unreasonable schedule unilaterally proposed by VER).  D3 LED should be

---

[20] VER concedes in note 2 of its brief that it is asking the Court to consider evidence extrinsic to the First Amended Complaint.

8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

afforded an opportunity to determine whether Mr. Argue's testimony is consistent with VER's internal documents, as well as the testimony of other witnesses (yet to be identified).[21]  It may also be necessary to pursue third party discovery of VER's customers to determine whether this evidence supports or refutes Mr. Argue's written testimony.  The Declaration of Bryan Robertus submitted herewith sets forth some of the issues and questions D3 LED would like to pursue through discovery. D3 LED fully expects that additional issues and/or questions will be raised as discovery progresses.

## C. <u>Discovery is particularly appropriate where the evidence of infringement is solely within the control of Defendants</u>.

An allegation based "upon information and belief" to a particular claim limitation is sufficiently plausible if it is the type of information that is in the defendant's control and plaintiff could not access it without discovery.  *Prowire LLC v. Apple, Inc.*, 2017 U.S. Dist. LEXIS 126640 at *13 (D. Del. Aug. 9, 2017) (denied Apple's motion to dismiss for failure to state a claim, noting that defendant's arguments focused on information "arguably within [the defendant's] sole possession.").

In *Prowire*, the plaintiff alleged the accused inductors met clause (c) of the '390 patent's claim because the electrically conducting coil has embedded in pafed.rt a "magnetic resin layer compression-molded" and "on information and belief, the resin layer is compression-molded."  As evidence, Prowire provided x-ray images of the accused inductors showing the physical form, and spectrum tests showing the composition of the magnetic core.  Prowire further provided a cross-sectional photograph depicting the copper coil embedded in the magnetic resin.  Apple took the position that Prowire's allegation "based on information and belief" was factually insufficient.  Because the accused inductors were contained in publically

---

[21] D3 LED is at a disadvantage in responding to this motion because VER has not yet produced its Initial Disclosures.

9

1   available consumer electronics, Apple contended that Prowire could have reversed

2   engineered the inductor.  The court disagreed, stating "[i]t is possible whether the

3   magnetic resin layer is compression-molded is only something the manufacturer

4   would know."

5          In this case, the evidence of infringement (or non-infringement) is uniquely

6   within the control of VER.  Without access to an actual VER platform, D3 LED

7   cannot determine definitively at what bandwidth range the modules (or tiles)

8   communicate with one another.[22]  Without further discovery, D3 LED cannot

9   determine whether the allegations set forth in the Argue Dec. are true, whether the

10  M8/RS1 system has always operated within the same bandwidth range, whether it

11  was initially designed to operate within the patented bandwidth range, whether VER

12  has any other products with auto-mapping capability, whether VER reverse

13  engineered D3 LED's system (and if so, for what purpose), and whether any of

14  VER's customers has ever operated a VER auto-mapping platform within the

15  patented bandwidth range.  These are issues that D3 LED intends to pursue through

16  discovery.

17        **D.**     **The Court should not have to engage in claim construction at this**

18                **time.**

19        Review of a motion to dismiss does not present an occasion for the Court to

20  engage in early claim construction.  Because the Court might ultimately construe the

21  claims as D3 LED proposes, and because the theory of infringement alleged in D3

22  LED's Amended Complaint is plausible if such construction is adopted, D3 LED has

23  succeeded in stating a claim upon which relief may be granted.  *See Nalco Co. v.*

24  *Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (reversing grant of motion

25  to dismiss where patentee had stated plausible claim; plaintiff "is entitled to all

26  inferences in [its] favor on its [infringement] theory" and claim construction dispute

27

28  ───────────────
    [22] As stated above, the transceiver that VER claims to be using is capable of operating within the patented bandwidth range.

10

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1   was "not suitable for resolution on motion to dismiss."); *see also UNILOC USA, Inc.*

2   *v. Apple Inc.*, No. C 18-00359 WHA, 2018 U.S. Dist. LEXIS 75225 at *12 (N.D.

3   Cal. May 2, 2018) (ruling that a claim construction dispute precludes dismissal at the

4   pleading stage); *McAfee Enters. v. Yamaha Corp. of Am.*, 2016 U.S. Dist. LEXIS

5   173699 at *6 (C.D. Cal. June 24, 2016) (dismissing Rule 12(b)(6) motion to dismiss

6   stating "claim construction proceedings have not yet been held in this case.  It would

7   therefore be improper to resolve an infringement dispute on procedural grounds at

8   this point, pretermitting the claim construction process.").

9        In *Nalco*, the Federal Circuit found that the defendant's objections to direct

10  infringement "read like classic Markman arguments." *Id.* at 1349.  In particular, it

11  found that the defendant was objecting to the plaintiff's proposed construction for

12  "flue gas," and this was "a dispute not suitable for resolution on a motion to

13  dismiss." *Id.*  In coming to these conclusions, the Federal Circuit reiterated that a

14  party does not need to prove its case at the pleading stage and the purpose of a

15  complaint is merely to put the alleged infringer on notice of the accused

16  infringement. *Id.* at 1350.  In particular, the Federal Circuit found that "Nalco's

17  pleading clearly exceeds the minimum requirements under Rule 12(b)(6), especially

18  as 'the Federal Rules of Civil Procedure do not require a plaintiff to plead facts

19  establishing that each element of an asserted claim is met.'"  The appellate court

20  concluded that "[t]he district court's failure to credit these allegations as true is

21  reversible error." *Id.*

22       Moreover, in their motion to dismiss, Defendants rely on *Scripps Research*

23  *Inst. v. Illumina, Inc.*, No. 16-CV-661 JLS (BGS), 2017 U.S. Dist. LEXIS 57740, at

24  *10 (S.D. Cal. Apr. 14, 2017) for the premise that "claim construction at the

25  pleading stage may be appropriate."  The Defendants, however, omits the remainder

26  of the quote which further states that it is only appropriate "where the Court can

27  construe a claim term 'based on the claim language, the specification, and the

28  prosecution history.'" *Id.* (*quoting Trs. of Columbia Univ. in City of N.Y. v.*

11

*Symantec Corp.*, 811 F.3d 1359, 1362 (Fed. Cir. 2016).  The *Scripps* case further states that "[c]laim construction at the pleading stage may be inappropriate where, for instance, the meaning of a claim term is unclear from the intrinsic evidence, or more generally where the Court finds that it would benefit from additional briefing and evidence presented at the claim construction phrase."  *Id.* at *9.

Of note, Defendants rely on a Wikipedia page to define the term "bandwidth" in construing the claim limitation "within a bandwidth of 10 Kbps or less."  *See* Defendants' Memorandum in Support of Motion to Dismiss, p. 17, fn. 5. Defendants resort to extrinsic evidence in establishing the meaning of a term, not from the intrinsic evidence alone; therefore, in accordance with *Nalco* and *Scripps*, such claim construction would be inappropriate at the pleading stage.

VER devotes a substantial part of its brief to claim construction, and more particularly, to arguing that the doctrine of equivalents does not apply and that the '450 patent is limited to the baud rate (bandwidth) recited in claim 1.  The parties have not yet briefed the issue of claim construction, and it is premature to do so at this stage of the case.  Even if the doctrine of equivalents does not apply, D3 LED deserves an opportunity to take discovery to determine whether any of VER's auto-mapping platforms have operated or are capable of operating within the claimed bandwidth range.

///

///

///

///

///

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

IV.   **CONCLUSION**

For the foregoing reasons, D3 LED respectfully requests that VER's motion to dismiss be denied so that the parties may engage in discovery directed toward determining the facts relevant to D3 LED's infringement allegations.

DATED: October 18, 2018

**ANTOINETTE M. TEASE, P.L.L.C.
ENENSTEIN LAW & PHAM**

By:
Antoinette M. Tease
Teri T. Pham
Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT