Antoinette Marie Tease (MT SBN 4330)
Email: *toni@teaselaw.com*
ANTOINETTE M. TEASE, P.L.L.C.
P.O. Box 51016
Billings, MT 59105
Phone: (406) 591-3689
*Admitted Pro Hac Vice – Lead Counsel to be Noticed*

Teri T. Pham (SBN 193383)
Email: *tpham@enensteinlaw.com*
ENENSTEIN PHAM & GLASS
12121 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025
Phone: (310) 899-2070
Fax: (310) 496-1930

Attorneys for Plaintiff
D3 LED, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D3 LED, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REVOLUTION DISPLAY, LLC; FULL THROTTLE FILMS, LLC; VIDEO EQUIPMENT RENTALS, LLC; VER TECHNOLOGIES LLC; VER TECHNOLOGIES HOLDCO LLC; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: CV 18-2690-GW(JCx) <br><br> Judge: Hon. George H. Wu <br><br> **ORDER OF DISMISSAL AND RETENTION OF JURISDICTION** |

The Court, having considered the Joint Stipulation for Dismissal Pursuant to F.R.Civ.P. 41 (A)(1)(A)(Ii); Request for Dismissal and Retention of Jurisdiction filed by Plaintiff D3 LED, LLC ("Plaintiff") and Defendants Revolution Display, LLC, Full Throttle Films, LLC, Video Equipment Rentals, LLC, VER Technologies LLC, and VER Technologies Holdco LLC (collectively, "Defendants"), and good cause appearing therefore, hereby orders as follows:

1. Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii), the above-captioned action is dismissed with prejudice;

2. The parties shall each bear their own attorneys' fees and costs;

3. The Court shall retain jurisdiction to enforce the terms of the written Settlement Agreement entered into between Plaintiff and Defendants, a copy of which is attached hereto as Exhibit A and incorporated herein, and to resolve any disputes relating to, or arising under, the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: November 15, 2018

GEORGE H. WU,
United States District Judge

# EXHIBIT A

# SETTLEMENT AGREEMENT

Effective as of November 9, 2018 ("Effective Date")

By and Between | And

| (collectively, "**VER**") | ("**D3 LED**") |
|---|---|
| Revolution Display, LLC<br>Full Throttle Films, LLC<br>Video Equipment Rentals, LLC<br>VER Technologies LLC<br>VER Technologies Holdco LLC<br>757 West California Ave.<br>Glendale, CA 91203<br>"VER" includes all entities affiliated with, controlled by or controlling any of the named Defendants in the Lawsuit and including, but not limited to Production Resource Group, LLC (a Delaware LLC) and all entities affiliated with, controlled by or controlling Production Resource Group LLC. | D3 LED, LLC<br>411370 Sunrise Park Dr.<br>Rancho Cordova, CA 95742<br>"D3 LED" includes all entities affiliated with, controlled by or controlling D3 LED, LLC |

VER and D3 LED are referred to in this Agreement individually as a "**Party**," and collectively as "**Parties**." D3 LED owns U.S. Patent 7,948,450 (the "**'450 Patent**") entitled "Apparatus and Method for Allowing Display Modules To Communicate Information About Themselves to Other Display Modules in the Same Display Panel." D3 LED has sued VER for infringement of the '450 Patent in the United States District Court for the Central District of California, Case No. 2:18-cv-02690 (the "**Lawsuit**"). VER and D3 LED desire to settle the Lawsuit according to the terms and conditions set forth herein. Accordingly, the Parties agree as follows:

## 1. Representation and Warranty; Rights and Obligations.

**1.1. Representation and Warranty.** VER represents and warrants that it has not made, used, offered for sale, sold, rented or imported into the United States any display system with Auto-mapping Functionality that operates within a bandwidth range of 10Kbps or less. As used herein, the term "Auto-mapping Functionality" means (i) using transmitters, receivers and/or transceivers on the borders of adjacent display modules in the same display to transmit each display module's unique identifier to adjacent display modules and to receive the unique identifiers of adjacent display modules and (ii) sending that information to a main controller, which uses the information to determine the location of the display modules within the display. In the event of breach of the foregoing warranty, D3 LED reserves the right to pursue any and all remedies available to it, including, but not limited to, actual damages, treble damages, attorneys' fees, injunctive relief and seizure.

**1.2. Covenants**

**1.2.1. Covenant Not To Infringe.** From the Effective Date forward, VER shall not make, use, offer for sale, sell, rent or import into the United States a display system with Auto-mapping Functionality that operates within a bandwidth range of 10Kbps or less.

**1.2.2. Covenant Not To Sue.** From the Effective Date forward, subject to VER's compliance with the terms and conditions of this Agreement, D3 LED hereby covenants not to file or pursue any claims against VER for direct or indirect infringement under the '450 Patent for acts occurring on or prior to the Effective Date.

**1.2.3.** Nothing in this paragraph constitutes (i) an agreement or admission on the part of D3 LED that the doctrine of equivalents does not apply or (ii) an agreement or admission on the part of VER that it has infringed.

**1.3. No Rights Granted to VER.** Nothing in this Agreement shall be construed as conferring any rights whatsoever on VER with respect to the '450 Patent. This Agreement does not grant to

1

VER a license to make, use, offer for sale, sell, rent or import into the United States any technology that infringes the '450 Patent.

**1.4. Retained Rights.** D3 LED retains all right, title and interest in the '450 Patent, including, but not limited to, the right to assign and/or license the '450 Patent to others.

**2. Authority; No Contest of Patent.**

**2.1. Authority.** Each Party represents and warrants that it has the right, power and authority to execute, deliver, and perform its obligations under this Agreement, and that it has not entered into any agreement with others or performed any acts or omissions that would conflict with the terms of this Agreement.

**2.2. No Contest of '450 Patent.** VER agrees that it will not directly or indirectly contest or aid others in the contest of the validity and enforceability of the '450 Patent; provided, however, that VER may contest the validity and enforceability of the '450 Patent if D3 LED asserts the '450 Patent in a new lawsuit against VER.

**3. Term and Termination.**

**3.1. Term and Termination.** Unless otherwise terminated hereunder, this Agreement shall take effect upon the Effective Date and shall continue in effect in perpetuity.

**3.2. Mutual Termination.** This Agreement may be terminated by mutual agreement of both Parties at any time.

**3.3. Continuing Obligations.** The rights set forth in Section 1.3 shall survive expiration or termination of this Agreement.

**4. Dismissal, Release of Claims, and Covenant Not to Sue.**

**4.1. Dismissal of Lawsuit.** Within five (5) business days of the Effective Date, D3 LED shall dismiss the Lawsuit with prejudice, and with each Party bearing its own costs and fees.

**4.2. Release.** Subject to VER's compliance with the terms and conditions of this Agreement, D3 LED, on behalf of itself and its agents, representatives, insurers, predecessors, successors and assigns, completely releases and forever discharges VER, and all of its past, present and future agents, representatives, insurers, predecessors, successors and assigns, of and from any and all claims, demands, obligations, actions, causes of action, damages, compensatory damages, special damages, personal injury damages, exemplary damages, attorney fees, costs, expenses and compensation of any nature whatsoever, whether based on a tort, contract, or any other theory of recovery, whether known or unknown, foreseen or unforeseen, anticipated or unanticipated, liquidated or non-liquidated, for acts occurring on or prior to the Effective Date, including, but not limited to, any and all claims arising out of or in connection with the Lawsuit, whether or not explicitly asserted in the Lawsuit, except for claims to enforce this Agreement. This release shall not include claims arising under any patents other than the '450 Patent, regardless of whether such patents are related to or involve the same or similar technology as the '450 Patent. The release set forth herein expressly excludes any claims for infringement under any non-U.S. patent, which claims D3 LED expressly reserves.

**5. Miscellaneous.**

**5.1. Successors and Assigns.** This Agreement shall bind and inure to the benefit of the respective Parties and their respective successors and assigns.

**5.2. Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be effected, impaired or invalidated.

**5.3. Waiver, Integration and Alteration.** The waiver of a breach hereunder may be effected only by a writing signed by the waiving Party and will not constitute a waiver of any other breach. This Agreement represents the entire understanding between the Parties, and supersedes all other agreements, express or implied, between the Parties concerning the '450 Patent. A provision of this Agreement may be altered only by a writing signed by both Parties.

**5.4. Notices.** Any notices required or permitted under this Agreement shall be in writing and shall be deemed given if (i) delivered in person, (ii) sent by registered or certified mail, return receipt requested, with proper postage affixed, (iii) sent by facsimile with confirmation of receipt; or (iv) sent by overnight mail service with confirmation of delivery. In the case of (i), notice shall be deemed effective upon delivery; in the case of (ii), (iii) and (iv), notice shall be deemed effective upon confirmation of receipt or delivery.

**5.5 Headings.** The headings in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of this Agreement.

**5.6 Counterparts.** This Agreement may be executed in counterparts, on facsimile, email version, or original, and such duly-executed

counterpart will be of the same force and effect as the original.

**5.7. Governing Law.** All questions concerning the validity and operation of this Agreement and the performance of the obligations imposed upon the parties under this Agreement will be governed by the laws of the State of Delaware.

**5.8. Jurisdiction.** Any action to enforce the terms of this Agreement shall be brought exclusively in a court of competent jurisdiction in the State of California.

**5.9. Attorney Fees.** Should either Party initiate litigation to enforce its rights under this Agreement, the substantially prevailing Party in any such proceeding shall be entitled to receive from the other Party all reasonable costs and expenses (including reasonable attorney's fees) incurred by the substantially prevailing Party in connection with the proceeding.

IN WITNESS WHEREOF the Parties have caused this Agreement to be executed by their duly authorized officers on the respective dates as provided below.

**REVOLUTION DISPLAY, LLC**
**FULL THROTTLE FILMS, LLC**
**VIDEO EQUIPMENT RENTALS, LLC**
**VER TECHNOLOGIES LLC**
**VER TECHNOLOGIES HOLDCO LLC**

By: _/s/ Robert Manners_
(Signature)
Robert Manners
(Type or Print Name)
Its: EVP
(Title)
Date: 11-8-18

**D3 LED, LLC**

By: _/s/ George Pappas_
(Signature)
George Pappas
(Type or Print Name)
Its: CEO
(Title)
Date: 11/8/18

**PRODUCTION RESOURCE GROUP, LLC**

By: _/s/ Robert Manners_
(Signature)
Robert Manners
(Type or Print Name)
Its: EVP
(Title)
Date: 11-8-18